*Messrs. H. G. & S. H. McIntire,* for Appellant.

No. 2,018.—FINLEN, Appellant, *v.* HEINZE et al., Respondents.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Application for an injunction.

Decided January 15, 1904.

Per Curiam.—The application for an injunction herein is hereby denied.

Mr. Justice Milburn, not having heard the argument herein, takes no part in making this order.

Mr. Chief Justice Brantly: My view is this: I did not think it worth while to consider the sufficiency of the evidence presented at the hearing for this reason: that before this court can be moved to issue an injunction to preserve the subject-

matter of the cause in controversy there must be presented to the court the record in the case, and the record must at least show that there is a probability that this court will reverse the judgment of the court below; because the principle must be recognized that where a party was successful in the court below, he is entitled to enjoy that success until the action of the court below has been reversed; that this court will issue an injunction only when it is probable that that court was wrong. There is nothing presented to this court but the judgment roll. Upon the showing of the judgment roll there is no apparent error. The only question upon the face of the judgment roll is whether or not the findings of the court below sustain the decree. I take this view of the record in the case. A statement on motion for a new trial cannot be used in this court at all until it has been used by the court below, that is, there must be a motion for a new trial in the court below, and that must have been passed upon before this court can make any use of the statement used in support of it. Section 1736 to my mind clearly implies this.

MR. JUSTICE HOLLOWAY: So far as I am concerned, I feel this way about it. There was one matter set forth in the application for injunction that was controverted, that is that the defendants in *Finlen* v. *Heinze* were operating or causing to be operated the Minnie Healy mine. That being controverted, the burden was upon plaintiff to prove that that contention was true. I do not think he did that; the witnesses he called rather disproved that contention. That was my view in this matter. And further, I feel that as these matters of injunction, under the rules of this court, are entitled to advancement, until the moving party has asked this court to advance and set the cause for hearing, he is not in very good position to ask for an injunction *pendente lite*.

*Mr. W. W. Dixon, Mr. A. J. Shores, Mr. C. F. Kelley,* and *Messrs. Forbis & Evans,* for Appellant.

*Mr. John J. McHatton,* for Respondents.